DLD-239                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1390
_____

UNITED STATES OF AMERICA

v.

CARLOS CEGLEDI,
                                            Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-08-cr-00218-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 18, 2019
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 5, 2019)

_____

OPINION*
_____

PER CURIAM

        Carlos Cegledi appeals from the denial of his motion for a reduction in sentence

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

under 18 U.S.C. § 3582(c)(2). We will affirm.

## I.

In 2009, Cegledi was convicted of federal drug offenses. His Sentencing Guidelines range was 292 to 365 months of imprisonment, but the District Court sentenced him only to 234 months. We affirmed. See United States v. Cegledi, 441 F. App'x 870, 874 (3d Cir. 2011).

Cegledi later filed the § 3582(c)(2) motion for a reduction in sentence at issue here. He relied on Amendment 782, which lowered the base offense level for certain drug crimes. Application of Amendment 782 would have lowered Cegledi's Guidelines range to 235 to 293 months. The District Court appointed counsel pursuant to its standing order regarding Amendment 782, but the District Court later permitted counsel to withdraw. The District Court then denied Cegledi's motion. Cegledi appeals.[1]

## II.

The District Court concluded that Cegledi is not eligible for a reduction in sentence on the basis of Amendment 782. We agree. Amendment 782 applies retroactively, and it lowers Cegledi's Guidelines range. Under the applicable Guidelines

---

[1] The District Court's order granted Cegledi a certificate of appealability ("COA"). The grant of a COA appears to have been inadvertent because a COA is not required to appeal the denial of a motion under § 3583(c)(2). See 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal "the final order in a proceeding under § 2255"). In any event, we have jurisdiction under 28 U.S.C. § 1291. In light of the District Court's grant of a COA, our Clerk notified Cegledi that the Court would consider appointment of counsel for this appeal. We conclude that appointment of counsel is not warranted for the reasons explained below.

2

policy statement, however, and except in circumstances not presented here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). Thus, this provision "prohibits a reduction below the low end of a prisoner's new range, even if the prisoner originally received a below-Guidelines sentence." United States v. Berberena, 694 F.3d 514, 518-19 (3d Cir. 2012).

In this case, Amendment 782 lowers Cegledi's Guidelines range to 235 to 293 months. The District Court, however, sentenced Cegledi to 234 months, which is less than the minimum of Cegledi's amended Guidelines range. Consequently, Cegledi is not eligible for a reduction in his sentence under § 3582(c)(2).

We briefly address two other issues. First, Cegledi argued in response to his counsel's motion to withdraw below that the District Court granted a two-level variance and that, with the same variance, his new sentencing range under Amendment 782 would be 188 to 235 months. Cegledi did not provide any details about this alleged variance, and we see no indication that the District Court granted one. See Cegledi, 441 F. App'x at 873-74 (discussing the basis for Cegledi's sentence and rejecting his argument that the District Court should have granted him a variance). In any event, the fact remains that Cegledi received a sentence that is lower than his sentencing range under Amendment 782.

Second, policy statement § 1B1.10(b)(2)(A) was amended as part of Amendment 759 in 2011 after Cegledi committed his offenses. See Berberena, 694 F.3d at 518. Before that amendment, District Courts had the discretion to reduce a sentence

3

under § 3582(c)(2) in Cegledi's situation (though doing so "generally would not be appropriate"). Id. at 518 & n.4. Now they no longer do. See id. at 518-19.

Cegledi has not argued that application of the 2011 version of the policy statement constitutes an ex post facto violation, and it does not. Amendment 782 on which Cegledi relies also was enacted after his offenses, so applying the 2011 version of § 1B1.10(b)(2)(A) does not deprive him of any sentencing relief for which he was eligible at that time. See United States v. Thompson, 825 F.3d 198, 205-06 (3d Cir. 2016); see also United States v. Alvaran-Velez, 914 F.3d 665, 669 (D.C. Cir. 2019) (citing Thompson and joining "the unanimity of circuits" in holding that application of the 2011 version of § 1B1.10(b)(2)(A) is not an ex post facto violation). Amendment 782 also was enacted after the 2011 amendment of § 1B1.10(b)(2)(A), so the 2011 version of § 1B1.10(b)(2)(A) "merely operates to deny [Cegledi] the benefit of a sentence reduction to which [he has] never been entitled." Thompson, 825 F.3d at 206 n.10.

### III.

For these reasons, we decline to appoint counsel for Cegledi in this appeal, and we will affirm the judgment of the District Court.